```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```
_____

JOHNNY L. REED, IV,

        Plaintiff,               Civil No. 15-1305 (NLH/JS)

v.

                                    **OPINION**

NEW JERSEY STATE POLICE, NEW JERSEY
STATE TROOPER "JOHN DOE," WINSLOW
TOWNSHIP (POLICE DEPARTMENT),
POLICE OFFICER J. HURD, WINSLOW
TOWNSHIP POLICE DEPARTMENT, RONALD
B. THOMPSON, ESQ., CAMDEN COUNTY
HEALTH SERVICES, NEW JERSEY
DEPARTMENT OF YOUTH AND FAMILY
SERVICES (DYFS),

        Defendants.

_____

**APPEARANCES:**

Johnny L. Reed, IV
P.O. Box 109
Sicklerville, NJ 08081

    *Pro Se Plaintiff*

Christopher A. Orlando, County Counsel
Anne E. Walters, Assistant County Counsel
520 Market Street, 14th Floor
Camden, NJ 08102

    *Attorney for Defendant Camden County Health Services*

**HILLMAN, District Judge**

    Presently before the Court is Defendant Camden County's[1] unopposed Motion to Vacate Clerk's Entry of Default. For the reasons that follow, the motion will be granted.

---

[1] Camden County states it was improperly named as "Camden County Health Services" in Plaintiff's Complaint.

1

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Johnny L. Reed, IV, filed a pro se complaint on February 19, 2015 [Doc. No. 1]. In essence, Plaintiff alleges that in 2008 he was falsely arrested by the Winslow Township Police Department, involuntarily committed to Kennedy Memorial Hospital, and then transferred to Camden County Health Services for a three week evaluation. Compl. ¶¶ 52-53. Plaintiff further alleges while he was involuntarily committed he was administered dangerous drugs which caused him to suffer side effects. Compl. ¶¶ 54, 56.

On April 17, 2015, Plaintiff moved for entry of default against Camden County Health Services. [Doc. No. 12]. Default was entered on April 20, 2015.

Camden County sold Camden County Health Services in 2013, which now operates as Northbrook Behavioral Hospital under new ownership. See Cert. of Karyn Gilmore [Doc. No. 17-3]. While Plaintiff served Northbrook, Camden County contends it was never served.

II.  STANDARD OF REVIEW

Default judgment is governed by Federal Rule of Civil Procedure 55, which states, in relevant part, as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

2

Fed. R. Civ. P. 55(a). After default is entered pursuant to Rule 55(a) the plaintiff may seek the court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2). Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 521, n.1 (3d Cir. 2006) (citing 10A Wright, Miller & Kane, Fed. Prac. & Proc. § 2682 at 13 (3d ed. 1998)). After default judgment is entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10 Wright, Miller & Kane, Fed. Prac. & Proc. § 2688 at 444 (2d ed. 1983)).

Rule 55 of the Federal Civil Rules likewise provides the mechanism for setting aside the entry of default. More specifically, Rule 55(c) provides as follows: "The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). In determining whether good cause exists to set aside an entry of default, the court should consider: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." World Entm't Inc. v. Brown, 487 F. App'x 758, 761 (3d Cir. 2012) (citation omitted). Although district courts are urged to make explicit findings concerning all of these factors when considering a motion to

3

vacate entry of default, the second factor is often considered to be the most important inquiry. Nat'l Specialty Ins. Co. v. Papa, No. 11-2798, 2012 WL 868944, at *2 (D.N.J. Mar. 14, 2012) (Bumb, J.) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984)). To establish culpable conduct the defendant must have acted willfully or in bad faith. World Entm't Inc., 487 F. App'x at 761 (citing Hritz v. Woma Corp., 732 F.2d 1178, 1182-83 (3d Cir. 1984)). Moreover, as is the case with respect to a court's entry of default judgment, a clerk's entry of "'[d]efault is not favored and all doubt should be resolved in favor of setting aside default and reaching a decision on the merits.'" CGB, 2001 WL 253745 at *4 (quoting 99 Cents Stores v. Dynamic Distrib., No. 97-3869, 1998 WL 24338 (E.D. Pa. Jan. 22, 1998)); see also Papa, 2012 WL 868944 at *2; $55,518.05 in U.S. Currency, 728 F.2d at 194-95.

**III. DISCUSSION**

"Adjudication of a motion to set aside default is left to the discretion of the district court." Toy v. Hayman, No. 07-3076, 2008 WL 5046723, at *3 (D.N.J. Nov. 20, 2008) (citing Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002)). As indicated above, in reviewing such a motion, the Court must consider three factors prior to vacating an entry of default.

The first factor requires the Court to consider whether lifting the default would prejudice Plaintiff. "Prejudice under

4

this prong only accrues due to a 'loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" Toy, 2008 WL 5046723 at *3 (citing Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656–57 (3d Cir. 1982) (internal quotation marks omitted)). The Court finds there is nothing to suggest that any evidence would be lost since Plaintiff filed his complaint in January. Further, there is no increased potential for fraud or collusion or any evidence Plaintiff substantially relied on the default. Accordingly, the first factor weighs in favor of setting aside default.

The Court next considers whether Camden County has raised a meritorious defense. "A meritorious defense is one that, if established at trial, would constitute a complete defense to the action." Id. at *4 (citing $55,518.05 in U.S. Currency, 728 F.2d at 195). In order to satisfy this second factor, "[t]he defaulting party must [ ] set forth specific facts demonstrating the facial validity of the defense." Id.

Here, Camden County has raised a meritorious defense. First, Camden County argues that Plaintiff's claims, which relate to events in 2008, are barred by a two-year statute of limitations. Further, Camden County alleges it is not a "person" under 42 U.S.C. § 1983 and Plaintiff failed to file a Notice of Tort Claim under the New Jersey Tort Claims Act,

5

N.J.S.A. 59:9-3.  Accordingly, Camden County has raised a meritorious defense and the second factor weighs in favor of setting aside default.

Last, the Court considers whether the entry of default was the result of culpable conduct.  Camden County avers that it sold Camden County Health Services Center in November 2013, which now operates as Northbrook Behavioral Health Hospital under new ownership.  Cert. of Karyn Gilmore. ¶ 5.  Camden County was informed that Northbrook was served with Plaintiff's complaint, but declined to accept service.  Id.  Camden County avers that it has not been served with Plaintiff's summons and complaint.  Id. ¶ 6.  Accordingly, the failure of Camden County to respond to Plaintiff's complaint was not the result of culpable conduct.

In summary, all three factors weigh in favor of vacating the default judgment.  Accordingly, Camden County's Motion to Vacate the Clerk's Entry of Default will be granted.

Camden County will have twenty-one days from the date of the entry of this Opinion and accompanying Order to file its responsive papers.

Dated: October 2, 2015            s/ Noel L. Hillman
                                  NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

6