UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

JOHNNY L. REED, IV,

               Plaintiff,            Civil No. 15-1305 (NLH/JS)

v.

                                           **OPINION**

WINSLOW TOWNSHIP, POLICE OFFICER
J. HURD, WINSLOW TOWNSHIP POLICE
DEPARTMENT, RONALD B. THOMPSON,
ESQ., CAMDEN COUNTY HEALTH
SERVICES, NEW JERSEY DEPARTMENT
OF CHILDREN AND FAMILIES,
SUPERINTENDENT JOSEPH FUENTES,
AND ALISON BLAKE,

               Defendants.

_____

**APPEARANCES:**

Johnny L. Reed, IV
P.O. Box 109
Sicklerville, NJ 08081
    *Pro Se Plaintiff*

Anne E. Walters
Office of County Counsel
Courthouse, 14th Floor
520 Market Street
Camden, NJ 08102
    *Attorney for Defendant Camden County Health Services*

Vincent Rizzo
Matthew J. Lynch
Deputy Attorney Generals
State Of New Jersey
Office of the Attorney General Division of Law
25 Market Street
P.O. Box 112
Trenton, NJ 08625
    *Attorneys for Defendants New Jersey Department of Children*
    *and Families, Commissioner Alison Blake, and New Jersey*
    *State Police Superintendent Joseph Fuentes*

Robert J. Gillispie, Jr.
Mayfield Turner O'Mara Donnelly & McBride
2201 Route 38
Suite 300
Cherry Hill, NJ 08002
    *Attorney for Defendants J. Hurd, Robert Stimelski, Winslow
    Township (Police Department), and Winslow Township Police
    Department*

Ronald B. Thompson, Esq.
563 Berlin Cross Keys Road
Sicklerville, NJ 08081
    *Pro Se Defendant*

**<u>HILLMAN, District Judge</u>**

    Presently before the Court are four motions to dismiss

filed by four different groups of Defendants.  For the reasons

that follow, the motions [Doc. Nos. 47, 50, 51, 57] will be

granted and Plaintiff's amended complaint will be dismissed in

its entirety.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    Plaintiff, Johnny L. Reed, IV, filed a <u>pro se</u> complaint on

February 19, 2015 [Doc. No. 1] and an amended complaint on

October 7, 2015 [Doc. No. 42].  Plaintiff alleges that in March

and May 2008 he was falsely arrested by the New Jersey State

Police and Winslow Township Police Department, involuntarily

committed to Kennedy Memorial Hospital, and then transferred to

Camden County Health Services and involuntarily committed for a

three week evaluation.  (Am. Compl. ¶¶ 72, 89, 94.)  Plaintiff

further alleges that while he was involuntarily committed he was

administered dangerous drugs which caused him to suffer adverse

2

side effects.  (Am. Compl. ¶ 108.)   Plaintiff alleges that as a result of these events, the New Jersey Division of Children and Families wrongfully removed his child from his custody.  (Am. Compl. ¶ 114.)  Plaintiff also claims his former attorney committed malpractice.  (Am. Compl. ¶ 64.)  Plaintiff's six-count amended complaint alleges 42 U.S.C. § 1983 claims against all Defendants for the March 2008 arrest (Count I), § 1983 claims against all Defendants for the May 2008 arrest (Count II), a common law fraud claim against all Defendants (Count III), a negligence claim against all Defendants (Count IV), an attorney malpractice claim against Ronald B. Thompson, Esq. (Count V), and a claim against all Defendants for the infliction of extreme emotional distress (Count VI).  Plaintiff seeks compensatory damages, punitive damages and equitable relief against the New Jersey Division of Children and Families by declaring the adoption of Plaintiff's child void.[1]

## II.  STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all allegations

---

[1] Plaintiff filed a complaint on the same facts on July 27, 2009 in this Court but focused specifically on the termination of his parental rights.  That complaint was also dismissed.  Reed v. New Jersey Div. of Youth & Family Servs., No. 09-3765 (NLH), 2012 WL 1224418 (D.N.J. Apr. 10, 2012).

in the complaint as true and view them in the light most favorable to the plaintiff.  See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  The Third Circuit has instructed district courts to conduct a two-part analysis in deciding a motion to dismiss.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

First, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler, 578 F.3d at 210-11 (citing Iqbal, 129 S. Ct. at 1949).  Second, a district court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950).  "[A] complaint must do

more than allege the plaintiff's entitlement to relief." Id. "'[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.''" Id. (quoting Iqbal, 129 S. Ct. at 1949); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (quoting Twombly, 550 U.S. at 556).

A court need not credit "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429–30 (3d Cir. 1997).  The defendant has the burden of demonstrating that no claim has been presented.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

5

## III. DISCUSSION

Camden County Health Services' motion asserts that
Plaintiff's claims must be dismissed because (1) the federal
claims are barred by a two-year statute of limitations; (2) the
state claims are barred because Plaintiff failed to file a tort
claims notice; and (3) Camden County is not a person under §
1983.  Winslow Township, Winslow Township Police Department,
Winslow Township Police Chief Robert Stimelski and Winslow
Township Police Officer Joseph Hurd (collectively, the "Winslow
Defendants") also assert that (1) the federal claims are barred
by a two-year statute of limitations; (2) the state claims are
barred because Plaintiff failed to file a tort claims notice;
and further argue that Plaintiff has failed state a claim under
§ 1983 and for common law fraud.  Defendants New Jersey
Department of Children and Families, New Jersey State Police
Superintendent Rick Fuentes and New Jersey Department of
Children and Families Commissioner Alison Blake[2] argue that (1)
the entity Defendants are immune from suit; (2) the entity
Defendants are not persons under § 1983; (3) the Court lacks
jurisdiction under the Rooker-Feldman Doctrine; (4) the state
supervisors are entitled to qualified immunity; and (5) the tort
claims are barred because Plaintiff failed to file a notice of

---

[2] Plaintiff does not name the New Jersey State Police in his
amended complaint.

tort claim.  Defendant Ronald B. Thompson, Plaintiff's former counsel in the 2008 cases, moves to dismiss Plaintiff's claims for legal malpractice because Plaintiff failed to file an affidavit of merit or submit expert testimony.

Plaintiff opposes Camden County's motion on the grounds that the statute of limitations does not bar his claims because he is disabled and is still in "custody."  (Opp. at 3 [Doc. No. 47].  Plaintiff also opposes Thompson's motion on the grounds that he does not require expert testimony because Thompson was censured by the New Jersey Attorney Disciplinary Review Board in 2008 (Opp. at 2 [Doc. No. 62]).[3]

### A. Section 1983 and State Tort Claims Against Camden County and the Winslow Defendants

Camden County and the Winslow Defendants both assert that Plaintiff's § 1983 claims are barred by a two-year statute of limitations.  The accrual date of a Section 1983 civil rights action is entirely a question of federal law.  Wallace v. Kato, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); Fullman v. Pa. Dep't of Corr., 265 Fed. App'x 44, 46 (3d Cir. 2008).  "The limitations period for purposes of § 1983 claims begins to run from the time when the plaintiff knows or has

---

[3] Defendant Thompson asks the Court not to consider Plaintiff's opposition because it was filed late. [Doc. No. 63].  The Court exercises its discretion to consider briefs filed outside prescribed time limits.  D'Orazio v. Washington Twp., 501 Fed. App'x 185, 187 (3d Cir. 2012).

reason to know of the injury which is the basis of the section 1983 action." Fullman, 265 Fed. App'x at 46 (citation and internal quotation marks omitted).  Although federal law governs the accrual date, the applicable limitations period for a Section 1983 claim is the statute of limitations for personal injuries in the state in which the cause of action arose. Wallace, 549 U.S. at 387; Marcum v. Harris, 328 Fed. App'x 792, 795 (3d Cir. 2009).  Plaintiff's cause of action arose against Defendants in the State of New Jersey.  In New Jersey, the statute of limitations for personal injury claims, and thus for Section 1983 claims, is two years.  See N.J.S.A. 2A:14-2(a); Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)).  Further, N.J.S.A. 2A:14-2 provides that state tort claims are subject to a two-year statute of limitations.

Additionally, "[t]o bring an action in tort against a 'public entity or public employee' in New Jersey, the claimant must file a notice of claim with the entity within ninety days of the accrual of the claim or else be 'forever barred' from asserting that cause of action." County Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 174 (3d Cir. 2006) (citing N.J.S.A. § 59:8-3 and 8).  N.J.S.A. 59:8-9 permits the filing of a late tort claims notice, within one year after the accrual of the

8

cause of action, if extraordinary circumstances are shown and the public entity has not been prejudiced.  McDade v. Siazon, 208 N.J. 463, 468, 32 A.3d 1122, 1125 (2011).

Here, the claims against Camden County and the Winslow Defendants occurred in March and May 2008.  (Am. Compl. ¶¶ 89, 120, 121.)  On the face of the complaint, Plaintiff's § 1983 claims are barred by the two-year statute of limitations, which expired in 2010.  Plaintiff's original complaint was filed five years later in 2015.  For the same reasons, Plaintiff's state tort claims for personal injury are also barred under N.J.S.A. 2A:14-2.

Further, Plaintiff has not complied with the notice requirements of the New Jersey Tort Claims Act and, therefore, his state law claims against these Defendants must be dismissed. See McDade, 208 N.J. at 469 (affirming appellate court's finding that summary judgment should have been granted in favor of defendants where plaintiff failed to comply with the notice requirements under the New Jersey Tort Claims Act); Smart v. Taylor, No. 05-1777 (NLH), 2008 WL 755904, at *6 (D.N.J. Mar. 19, 2008) (dismissing state law claims against defendant for failure to comply with the notice requirements of the New Jersey Tort Claims Act).

Plaintiff argues that the statute of limitations must be tolled because he is disabled and still in "custody."  (Opp. at

3 [Doc. No. 47].)  Plaintiff's amended complaint states that the events described in his complaint caused him to suffer "extreme emotional distress, requiring prescription medication to treat his 'post traumatic syndrome condition.'"  (Am. Compl. ¶ 116.) However, even accepting this allegation as true, Plaintiff has not plausibly alleged how a mental disability prevented him for the past six years from filing a timely legal action.[4]  Second, the actions accrued upon the false arrest and the commitment; the statute does not continue to run today even if Plaintiff is in some type of "custody." (Opp. at 3 [Doc. No. 47.]  Further, Plaintiff submits no explanation as to why a Notice of Tort Claim was never filed and does not request leave to file one now.

As to Plaintiff's fraud claim, Plaintiff has not stated a claim as to these Defendants.  The five elements of common law fraud are: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on

---

[4] The Court notes that N.J.S.A. § 2A:14-21 provides that tort claims may be tolled if the plaintiff has "a mental disability that prevents the person from understanding his legal rights or commencing a legal action."  The same exception applies to the New Jersey Tort Claims Act.  N.J.S.A. § 59:8-8.  However, Plaintiff has not pled that a mental disability prevented him from filing a complaint until 2015.

it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.  Triffin v. Automatic Data Processing, Inc., 394 N.J. Super. 237, 246, 926 A.2d 362, 368 (App. Div. 2007) (citation omitted).  Plaintiff has not alleged that Camden County Health Services or the Winslow Defendants misrepresented any material fact to Plaintiff or how that representation damaged Plaintiff.  Accordingly, as to Camden County and the Winslow Defendants, Plaintiff also fails to state a fraud claim. As such, all claims against these Defendants will be dismissed.

**B. Claims Against the New Jersey Department of Children and Families, Commissioner Alison Blake and New Jersey State Police Superintendent Joseph Fuentes**

Plaintiff alleges that the New Jersey Department of Children and Families "executed false internal reports and intentionally or negligently conducted an internal investigation" which resulted in Plaintiff losing custody of his son.  (Am. Compl. ¶ 114.)  Plaintiff further alleges New Jersey Department of Children and Families Commissioner Alison Blake failed to train and supervise her staff.  (Am. Compl. ¶ 115.) Additionally, Plaintiff alleges New Jersey State Police Superintendent Rick Fuentes "failed to provide proper supervision over his subordinates, and allowed an informal policy to exist where his subordinates could employ a racial animus against the plaintiff".  (Am. Compl. ¶ 50.)  Plaintiff's

claims against Fuentes are in his official and individual capacities.

42 U.S.C. § 1983 provides that, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."  A State is not a "person" within the meaning of § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 65, 109 S. Ct. 2304, 2309, 105 L. Ed. 2d 45 (1989).

"A state agency is entitled to immunity from suit in a federal court under the Eleventh Amendment when a judgment against it 'would have had essentially the same practical consequences as a judgment against the State itself.'"  Fitchik v. New Jersey Transit Rail Operations, Inc., 873 F.2d 655, 658 (3d Cir. 1989) (citing Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 401, 99 S.Ct. 1171, 1177, 59 L.Ed.2d 401 (1979)).  Additionally, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [a]s such, it is no different from a suit against the State itself."  Id. at 71.  The New Jersey State Police,

12

Department of Children and Families, and their officials are immune from suit for this reason. MCI Telecomm. Corp. v. Bell Atl. Pennsylvania, 271 F.3d 491, 503 (3d Cir. 2001) (Eleventh Amendment immunity extends to state agencies and departments).

There is, however, an exception to this general rule under the *Ex Parte Young* doctrine, where a plaintiff may sue state officials in their official capacities but only for prospective injunctive and declaratory relief to end continuing or ongoing violations of federal law. Id. at 506. Here, Plaintiff seeks compensatory and punitive damages, and therefore the *Ex Parte Young* exception does not apply to pierce the State's immunity as to these claims.

However, as to the New Jersey Division of Children and Families, Plaintiff also seeks an Order from this Court declaring his son's adoption void. As the Court explained in Plaintiff's previous case, the Rooker–Feldman doctrine deprives a federal district court of jurisdiction to review, directly or indirectly, a state court adjudication. Reed v. New Jersey Div. of Youth & Family Servs., No. 09-3765 (NLH), 2012 WL 1224418, at *2 (D.N.J. Apr. 10, 2012) (citing Judge v. Canada, 208 Fed. App'x 106, 107 (3d Cir. 2006)). As such, the Court must dismiss this claim for declaratory relief because it lacks subject matter jurisdiction.

13

Finally, the Court considers Plaintiff's claim against Defendant Fuentes in his "individual capacity." (Am. Compl. ¶ 8.) The Eleventh Amendment does not bar suits for damages against government officials sued in their personal capacities. Garden State Elec. Inspection Servs., Inc. v. Levin, 144 Fed. App'x 247, 251 (3d Cir. 2005). To assert a claim for supervisory liability under § 1983 a plaintiff may establish that there was an unconstitutional custom "by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law. In other words, custom may be established by proving knowledge of, and acquiescence to, a practice." Watson v. Abington Twp., 478 F.3d 144, 156 (3d Cir. 2007). Plaintiff's amended complaint fails to allege that the New Jersey State Police's "racial animus" was so well-settled and permanent as virtually to constitute law, or that Defendant Fuentes had any knowledge of this alleged practice. Accordingly, this individual capacity claim must be dismissed.

Additionally, any state claims asserted against Fuentes, Blake or the Department of Children and Families must be dismissed for failure to comply with the notice of claim provisions of the New Jersey Tort Claims Act, as discussed supra. Lassoff v. New Jersey, 414 F. Supp. 2d 483, 489 (D.N.J.

14

2006).  Accordingly, all claims against these Defendants are dismissed.

**C. Attorney Malpractice Claims Against Thompson**

Defendant Thompson argues that Plaintiff fails to state a claim because he has provided no expert testimony regarding the standard of care or an affidavit of merit pursuant to N.J.S.A. 2A: 53A-27.  Plaintiff argues breach of the standard of care has been demonstrated by Thompson's censure by New Jersey Supreme Court for Rules of Professional Conduct violations in another case.

In New Jersey, legal malpractice suits are grounded in the tort of negligence.  McGrogan v. Till, 167 N.J. 414, 425, 771 A.2d 1187, 1193 (2001) (citation omitted).  "The elements of a cause of action for legal malpractice are (1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by the defendant, and (3) proximate causation of the damages claimed by the plaintiff.  Id.  In New Jersey, in actions for damages for attorney malpractice a plaintiff must timely file an affidavit of merit.  N.J.S.A. § 2A:53A-27.  The New Jersey affidavit of merit statute is substantive state law that must be applied by federal courts sitting in diversity.  Chamberlain v. Giampapa, 210 F.3d 154 (3d Cir. 2000). N.J.S.A. § 2A:53A-27 provides:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

The court may grant a 60 day extension but if a plaintiff fails to file the affidavit within 120 days of the filing of the answer, the complaint will be dismissed with prejudice unless extraordinary circumstances prevented the filing. Palanque v. LambertWoolley, 168 N.J. 398, 404, 774 A.2d 501 (2001) (citing Cornblatt v. Barow, 153 N.J. 218, 247, 708 A.2d 401 (1998)); Burns v. Belafsky, 166 N.J. 466, 470-71, 766 A.2d 1095 (2001). Where an affidavit of merit is required, failure to provide one constitutes a "failure to state a cause of action." N.J.S.A. 2A:53A-29.

While an affidavit of merit is normally required in a legal malpractice action alleging negligence in the exercise of professional judgment (Levinson v. D'Alfonso & Stein, 320 N.J. Super. 312, 314, 727 A.2d 87 (App. Div. 1999)), there is an

16

exception where the deviation from the standard of care falls
within the common knowledge of a juror (Hubbard v. Reed, 168
N.J. 387, 390, 774 A.2d 495 (2001)).  Stated a different way,
the common knowledge doctrine applies where "jurors' common
knowledge as lay persons is sufficient to enable them, using
ordinary understanding and experience, to determine a
defendant's negligence without the benefit of the specialized
knowledge of experts."  Id. at 394 (citing Estate of Chin v.
Saint Barnabas Med. Ctr., 160 N.J. 454, 469, 734 A.2d 778
(1999)).

    New Jersey case law provides that the Rules of Professional
Conduct "may be relied on as prescribing the requisite standard
of care and the scope of the attorney's duty to the client."
Gilles v. Wiley, Malehorn & Sirota, 345 N.J. Super. 119, 125-26,
783 A.2d 756, 760 (App. Div. 2001) (citing Baxt v. Liloia, 155
N.J. 190, 201, 714 A.2d 271 (1998)) ("Thus violation of an
R.P.C. has essentially the same status and function in a
malpractice action as a statute that prescribes a standard of
conduct has in a negligence action.  Its breach is evidential of
defendant's failure to comply with the required standard of
care."); Davin, L.L.C. v. Daham, 329 N.J. Super. 54, 74 n.3, 746
A.2d 1034 (App. Div. 2000).  However, while professional rules
violations may be useful in determining whether a standard of
care has been breached, the "[r]ule must be intended to protect

17

a person in the plaintiff's position or be addressed to the particular harm suffered by the plaintiff." <u>Baxt v. Liloia</u>, 155 N.J. 190, 203, 714 A.2d 271, 277-78 (1998) (internal citation omitted).

As to attorney malpractice, Plaintiff alleges that Thompson, "in a rush to end the case advised plaintiff to accepted a not guilty plea/verdict by reason of insanity, informing plaintiff that he could reopen or appeal the matter down the road." (Am. Compl. ¶ 62.) Plaintiff also alleges Thompson failed to make timely, scheduled court appearances (<u>id.</u> at ¶ 65), ignored Plaintiff's version of the facts and coerced him into an insanity plea (<u>id.</u> at ¶ 66) and failed to make appropriate motions during the criminal prosecution (<u>id.</u> at 67). Further, Plaintiff attached to his opposition motion[5] the New Jersey Attorney Disciplinary Board order which admonished Thompson for violating Rules of Professional Conduct 1.3 (lack of diligence) and 1.4(b) (failure to keep client reasonably informed about the status of the matter or to promptly reply to

---

[5] In ruling on a motion to dismiss, the Court has "'discretion to address evidence outside the complaint ....'" <u>CitiSteel USA, Inc. v. General Electric Co.</u>, 78 F. App'x 832, 835 (3d Cir. 2003) (quoting <u>Pryor v. Nat'l Collegiate Athletic Ass'n</u>, 288 F.3d 548, 559 (3d Cir. 2002)). Thus, the court "'may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" <u>Id.</u> (quoting <u>PBGC v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993)).

reasonable requests for information) as to a different client.
The Court finds that this determination by the Supreme Court of
New Jersey in regard to a different client in a different
factual scenario is insufficient to show a violation of a
standard in conduct in Plaintiff's case.  While perhaps a
censure regarding Plaintiff's case would place Plaintiff's
instant claims in the realm of "common knowledge," Rules of
Professional Conduct violations regarding other clients do not
demonstrate a standard of care violation in this case.

     As the Court has found that the "common knowledge"
exception does not apply, Plaintiff's failure to file a timely
affidavit of merit constitutes a "failure to state a cause of
action." N.J.S.A. 2A:53A-29.  Further, in the absence of a
showing of extraordinary circumstances, Plaintiff's complaint is
subject to dismissal with prejudice.  Stoecker v. Echevarria,
408 N.J. Super. 597, 611, 975 A.2d 975, 983 (App. Div. 2009)
("[T]he plaintiff's failure to serve the affidavit within 120
days of the filing of the answer is considered tantamount to the
failure to state a cause of action, subjecting the complaint to
dismissal with prejudice.").

     As to Plaintiff's fraud claim, failure to comply with the
affidavit of merit statute likewise requires dismissal of
Plaintiff's fraud claim based on the same facts.  Levinson v.
D'Alfonso & Stein, 320 N.J. Super. 312, 315, 727 A.2d 87, 88

(App. Div. 1999); <u>Portes v. Tan</u>, No. A-3940-11T3, 2014 WL
463140, at *10 (N.J. Super. Ct. App. Div. Feb. 6, 2014) ("If a
plaintiff bases his or her fraud claim on the same allegations
as the malpractice claim, 'merely adding the label "fraud" to'
them without alleging the elements of legal or equitable fraud,
then it may not be treated as a separate and distinguishable
claim.") (citation omitted).  Additionally, all state law tort
claims asserted against Thompson are subject to dismissal
without prejudice because they are barred by the statute of
limitations under N.J.S.A. 2A:14-2.

## IV.   CONCLUSION

For the reasons discussed, the motions to dismiss [Doc.
Nos. 47, 50, 51, 57] will be granted.  Plaintiff's claims
against Defendants Camden County Health Services, Winslow
Township, Winslow Township Police Department, Winslow Township
Police Chief Robert Stimelski, Winslow Township
Police Officer Joseph Hurd, New Jersey Department of Children
and Families, Commissioner Alison Blake, and New Jersey State
Police Superintendent Joseph Fuentes will be dismissed.
Plaintiff's malpractice claim against Ronald B. Thompson, Esq.
will be dismissed with prejudice and the remaining claims
against Thompson will be dismissed without prejudice.

The Court recognizes that to the extent Plaintiff's claims
implicate civil rights violations, Third Circuit precedent

"supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). For this reason, Plaintiff is granted thirty (30) days leave to amend his complaint to cure the deficiencies noted in this Opinion, with the exception of the malpractice claim, which will be dismissed with prejudice. If Plaintiff is unable to cure the deficiencies within this time period the case will be closed.

Dated: April 6, 2016                    s/ Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

21