```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____

JOHNNY L. REED, IV,

              Plaintiff,            Civil No. 15-1305 (NLH/JS)
v.
                                    OPINION

NEW JERSEY STATE SUPERINTENDENT
JOSEPH FUENTES, ET AL.,

              Defendants.
_____
```

**APPEARANCES:**

Johnny L. Reed, IV
P.O. Box 109
Sicklerville, NJ 08081
    *Pro Se Plaintiff*


Anne E. Walters
Office of County Counsel
Courthouse, 14th Floor
520 Market Street
Camden, NJ 08102
    *Attorney for Defendant Camden County Health Services*

Vincent Rizzo
Matthew J. Lynch
Deputy Attorney Generals
State Of New Jersey
Office of the Attorney General Division of Law
25 Market Street
P.O. Box 112
Trenton, NJ 08625
    *Attorneys for Defendants New Jersey Department of Children
    and Families, Commissioner Alison Blake, and New Jersey
    State Police Superintendent Joseph Fuentes*


Robert J. Gillispie, Jr.

1

Mayfield Turner O'Mara Donnelly & McBride
2201 Route 38
Suite 300
Cherry Hill, NJ 08002
    *Attorney for Defendants J. Hurd, Robert Stimelski, Winslow Township (Police Department), and Winslow Township Police Department*

Ronald B. Thompson, Esq., *Pro Se*
563 Berlin Cross Keys Road
Sicklerville, New Jersey 08081


**HILLMAN, District Judge**

    This is a civil rights suit under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Johnny Reed.[1]  In a previous Opinion and Order, the Court dismissed Plaintiff's Amended Complaint, holding that the Amended Complaint failed to state a claim upon which relief could be granted. *See Reed v. Winslow Twp.*, 2016 U.S. Dist. LEXIS 46913 (D.N.J. Apr. 6, 2016).  Nonetheless, the Court allowed Plaintiff an opportunity to amend his Amended Complaint to attempt to cure the identified deficiencies. *See id.*[2]

    Plaintiff timely filed a Second Amended Complaint.  Various Defendants to Plaintiff's remaining claims presently move to

---

[1]  The Court exercises federal question subject matter jurisdiction.  The parties are not completely diverse.

[2]  The Court, however, did not grant leave to amend Count 5 of the Amended Complaint, Plaintiff's legal malpractice claim against Defendant Ronald B. Thompson, Esq. *Reed*, 2016 U.S. Dist. LEXIS 46913 at *14-19.

dismiss the Second Amended Complaint, asserting that it does not cure the previously identified deficiencies. Plaintiff has filed no opposition to the motions.[3]

For the reasons stated herein, the Court will dismiss with prejudice the federal claims and decline to exercise supplemental jurisdiction over the remaining state law claims.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The substantive factual allegations, as well as the legal claims, of the Second Amended Complaint are not different from the Amended Complaint. To briefly reiterate, Plaintiff's claims arise out of two arrests occurring on March 28, 2008 and May 9, 2008 and Plaintiff's subsequent involuntary hospitalization at Defendant Kennedy Memorial Hospital for "a psychiatric condition which plaintiff did not suffer from." (Second Amend. Compl. ¶ 106) Plaintiff contends that both arrests and his involuntary hospitalization were unconstitutional, fraudulent, and negligent. He further contends that his attorney, who represented him in connection with at least one of the arrests, "coerced [him] into pleading 'insanity'" (Second Amend. Compl. ¶

---

[3] Plaintiff's various opposition briefs were due in June and July, 2016. The docket reflects that Plaintiff's last filing with the Court was the Second Amended Complaint, filed on June 3, 2016.

3

55), which seems to have allegedly led to Plaintiff's involuntary hospitalization.

There are five groups of Defendants: (1) the New Jersey State Defendants[4]; (2) the Winslow Defendants[5]; (3) Camden County Health Services; (4) Kennedy Memorial Hospital; and (5) Ronald B. Thompson, Esq.  Only the first three groups of Defendants presently move to dismiss the Second Amended Complaint.[6]

## II. STANDARD OF REVIEW

The Court incorporates by reference the standard of review articulated in the previous opinion addressing the previous motions to dismiss. *See Reed v. Winslow Twp.*, 2016 U.S. Dist. LEXIS 46913 at *3-5 (D.N.J. Apr. 6, 2016).

## III. DISCUSSION

---

[4]  The New Jersey Defendants are New Jersey Police Superintendent Colonel Rick Fuentes, New Jersey Department of Children & Family Services ("DCFS"), and DCFS Commissioner Allison Blake.

[5]  The Winslow Defendants are Winslow Township, Winslow Township Police Chief Robert Stimelski, and Winslow Township Police Officer Joseph Hurd.

[6]  Kennedy Memorial Hospital was not named as a Defendant in the original complaint; the hospital was added in the Amended Complaint.  It does not appear that Kennedy Hospital was ever served with process, and no attorney has ever entered an appearance on the hospital's behalf.
   While the legal malpractice claim against Defendant Thompson has been dismissed with prejudice (Count V of the Amended and Second Amended Complaint), Thompson remains a defendant to the fraud, negligence, and infliction of emotional distress counts (Counts III, IV, and VI of the Amended Complaint and Second Amended Complaint).

4

A. **The section 1983 claims**

The Section 1983 claims-- Counts I and II of the Second Amended Complaint-- are asserted "against all defendants" and are based on the "March 2008 event," (Count I) and the "May 2008 event" (Count II). Somewhat more specifically, the Second Amended Complaint alleges that Plaintiff was "falsely arrested" by "the New Jersey State Police" on March 28, 2008 (Second Amended Complaint ¶ 92), and "falsely arrested" "by defendant Winslow Police Officer J. Hurd" on May 9, 2008 (Second Amended Complaint ¶ 95).

As the Court held in the previous opinion, Plaintiff's 1983 claims are subject to a two-year statute of limitations and Plaintiff's claims accrued in 2008. *Reed,* 2016 U.S. Dist. LEXIS 46913 at *7. Further, "[o]n the face of the complaint, Plaintiff's § 1983 claims are barred by the two-year statute of limitations, which expired in 2010. Plaintiff's original complaint was filed five years later in 2015." *Id.*

The Court also previously rejected Plaintiff's tolling argument: "Plaintiff argues the statute of limitations must be tolled because he is disabled and still in 'custody.' . . . Plaintiff's amended complaint states that the events described in his complaint caused him to suffer 'extreme emotional distress, requiring prescription medication to treat his post traumatic syndrome condition.' (Am. Compl. ¶ 116.) However,

5

even accepting this allegation as true, Plaintiff has not plausibly alleged how a mental disability prevented him for the past six years from filing a timely legal action." *Reed*, 2016 U.S. Dist. LEXIS 46913 at *8-9.

Plaintiff's Second Amended Complaint pleads no facts altering the Court's prior conclusion. Indeed, to the contrary, Plaintiff alleges that prior to the first incident, "plaintiff was never under psychiatric care at any time . . . is highly educated and was in the process of completing his PhD at the time of the event and previously was employed as a Supervisor [at] the New Jersey Division of Youth and Family Services." (Second Amended Complaint, ¶ 37)  Therefore, Plaintiff has no viable tolling argument.

The allegations of the Second Amended Complaint do not alter the Court's previous conclusion that the section 1983 claims are time-barred.  The motions to dismiss will be granted as to the section 1983 claims.

  B. **The remaining state law claims**

The remaining state law claims are Count III (fraud), Count IV (negligence), and Count VI (intentional infliction of emotional distress).  The Third Circuit has repeatedly stated, "'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state law claims unless

6

considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)(citing 28 U.S.C. § 1367(c)(3), and *quoting Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995))(emphasis added); *cf. Sarpolis v. Tereshko*, 625 F. App'x 594, 600 (3d Cir. 2016)(affirming district court's retention and exercise of supplemental jurisdiction under § 1367(c)(3) because the district court had "an affirmative justification for exercising supplemental jurisdiction.")(quoting *Hedges*).

The Court finds no sufficient affirmative justification for retaining supplemental jurisdiction of the remaining state law claims. Those claims will be dismissed without prejudice to Plaintiff's right to refile in the appropriate state forum. Accordingly, the motions to dismiss the state law claims will be denied as moot.

## IV. CONCLUSION

For the reasons discussed, the motions to dismiss will be granted as to the federal claims and denied as moot as to the remaining state law claims.


Dated: January 19, 2017              ____s/ Noel L. Hillman____
                                     NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

7